# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## CASE NO.: 1:17-cv-2595

BRIAN DONY AND WILLIAM DONY

       Plaintiffs,

vs.

ALLBRIGHT CONSTRUCTION, LLC,

       Defendant.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, BRIAN DONY AND WILLIAM DONY, through counsel, sue Defendant, ALLBRIGHT CONSTRUCTION, LLC., and allege the following:

1. This is an action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

2. Plaintiffs reside in Lake County, Illinois and are former employees of Defendant.

3. Defendant, ALLBRIGHT CONSTRUCTION, LLC (Hereinafter "Allbright") is a limited liability company that regularly transacts business within Illinois.

4. At all times material hereto, Defendant ALLBRIGHT CONSTRUCTION, LLC was engaged in commerce as an entity that builds and constructs residential and commercial buildings, and as part of its operations, caused its employees inlcuding Plaintiffs to handle materials and further utilized equipment and tools, including, but not limited to hammers, nails, drills, tape measures, and saws, that were manufactured in other states and had moved in interstate commerce.

5. At all times material hereto, Defendant ALLBRIGHT CONSTRUCTION, LLC was the "Employer" of Plaintiffs as that term is defined under statutes referenced herein and was an "Enterprise," as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon Defendant's representations and promises, Plaintiffs accepted employment and began working for Defendant as trim carpenters.

7. During Plaintiff Brian Dony's employment (from approximately 1/1/16 to 6/19/16 Plaintiff accrued damages in approximately the amount of $3,075.79 consisting of unpaid overtime and liquidated damages. During said period of time, Plaintiff worked an average of 50 hours per week and was paid an average of $13.00 per hour but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the halftime overtime rate for the 10 hours of overtime he averaged each week. By way of example, Plaintiff worked 67.5 hours in the week ending on March 2, 2016 but was only compensated $13.00 per hour for all 67.5 hours.

8. During Plaintiff William Dony's employment (from approximately 11/7/15 to 4/1/16 Plaintiff accrued damages in approximately the amount of $6,300.00 consisting of unpaid overtime and liquidated damages. During said period of time, Plaintiff worked an average of 60 hours per week and was paid an average of $15.00 per hour but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act.

Plaintiff therefore claims the halftime overtime rate for the 20 hours of overtime he averaged each week.

9. Defendant has knowingly and willfully refused to tender payment of wages owed to Plaintiffs full well knowing that they were not exempt from overtime.

10. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

12. Plaintiffs reaver and reallege paragraphs 1-11 herein.

13. Plaintiffs allege this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Plaintiffs are entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiffs seek recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against the Defendant plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Rd. – Suite 132
Plantation, FL. 33324
Phone: (954) 585-4878
Facsimile: (954) 585-4886
E-Mail: JLoren@GoldbergLoren.com

_____
James M. Loren, Esquire
Bar No.: 55409